IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00190-CR

 

Roger Guy Russell, JR.,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 03-01884-CRF-361

 



Corrected[1]
Opinion on 

petition for discretionary review



 

As authorized by Rule 50 of the Rules of
Appellate Procedure, we issue this modified opinion within 30 days after the
State filed a Petition for Discretionary Review.  Tex. R. App. P. 50.

A jury convicted Robert Guy Russell, Jr. of
murder under the influence of sudden passion and assessed his punishment at ten
years’ imprisonment.  Russell contends in a single issue that the trial court
erred in admitting a confession he made after stating he needed to call his
attorney.  We will affirm.

During an altercation in the parking lot of a College Station night club, Russell stabbed to death James Ray Davidson, Jr.  Officer Adam
Henderson with the College Station Police Department was patrolling the parking
lot at the time of the murder.  As Russell drove away, a witness in the crowd
told Officer Henderson that the driver of the van had stabbed someone.  With Henderson pursuing him, Russell returned to the night club and exited the vehicle.  He was
ordered to the ground and handcuffed.  At that time, Henderson asked a single
question about the location of the knife used in the stabbing.  Russell
indicated it was in the crowd of people now surrounding the victim.  Russell
was taken by Henderson to his patrol car where he was searched and his pockets
emptied.  At that time, Russell said, “I need my cell phone to call my lawyer.”
 Henderson responded saying, “I’m not going to ask you any questions without
your lawyer.”  Russell was left in the back of Henderson’s patrol car and asked
no further questions while at the scene.  Once at the police station, Russell
was given his Miranda warnings which he waived and made a statement to
police.

In a suppression hearing, the trial court concluded
that because it fell within the public safety exception to Miranda, the
questioning by Officer Henderson regarding the knife was not a custodial
interrogation, and thus, Russell did not invoke the right to counsel in
response to an express question or its functional equivalent.  The trial court
overruled the motion and allowed Russell’s statement to be admitted.

In reviewing a trial court’s determination in a
suppression hearing, a bifurcated standard of review is required.  See Montanez
v. State, 195 S.W.3d 101, 108 (Tex. Crim. App. 2006); Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  The court’s ruling is reviewed for
abuse of discretion.  Montanez, 195 S.W.3d at 108; Oles v. State,
993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  Almost total deference is owed to
the determination of historical facts.  Montanez, 195 S.W.3d at 108; Guzman,
955 S.W.2d at 89.  However, we review de novo a trial court’s ruling on
mixed questions of law and fact which do not turn on the credibility and
demeanor of witnesses.  Montanez, 195 S.W.3d at 106; Johnson v.
State, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002).  Thus, while affording
almost total deference to the findings of fact, we review de novo the
conclusions of law to determine if the trial court abused its discretion by
admitting Russell’s confession.  See Montanez, 195 S.W.3d at 108.

In Miranda v. Arizona, the Supreme Court
held that the Fifth Amendment privilege against self-incrimination “is fully
applicable during a period of custodial interrogation.”  384 U.S. 436, 460, 86 S. Ct. 1602, 1620, 16 L. Ed. 2d 694 (1966).  When seeking to introduce a defendant’s
statement in its case-in-chief, the State must “[demonstrate] the use of
procedural safeguards effective to ensure the privilege against
self-incrimination.”  Id. at 444, 86 S. Ct. at 1612.  An accused, prior
to a custodial interrogation, must be warned that “he has a right to remain
silent, that any statement he does make may be used as evidence against him,
and that he has a right to the presence of an attorney, either retained or
appointed.”  Id.

This case turns on whether the rule of Edwards
v. Arizona applies.  The bright-line constitutional rule of Edwards is
that once an accused has “expressed his desire to deal with the police only
through counsel, [he] is not subject to further interrogation by the authorities
until counsel has been made available to him, unless the accused himself
initiates further communication, exchanges, or conversations with the police.”  Edwards
v. Arizona, 451 U.S. 477, 484-85, 101 S. Ct. 1880, 1885, 68 L. Ed. 2d 378
(1981).  Triggering this rule requires “some statement that can reasonably be
construed to be an expression of a desire for the assistance of an attorney in
dealing with custodial interrogation by the police.”  McNeil v. Wisconsin, 501 U.S. 171, 178, 111 S. Ct. 2204, 2209, 115 L. Ed. 2d 158 (1991). 
Therefore, if Russell’s on-scene statement regarding his attorney is an
effective trigger of the rule of Edwards, then his subsequent waiver of Miranda
rights is not knowing and intelligent because Russell did not initiate the subsequent
communication with the officers.  Edwards, 451 U.S. at 484-85, 101 S. Ct. at 1884-85.

The trial court in this case erroneously
concluded that the application of the public safety exception meant the
questioning by police was not a custodial interrogation.  The public safety
exception recognizes that in narrow circumstances, the threat to the safety of
the officers and the general public outweighs the need for giving the Miranda
warnings.  New York v. Quarles, 467 U.S. 649, 657, 104 S. Ct. 2626, 2632, 81 L. Ed. 2d 550 (1984).  Were such a brief, informal questioning by
police for the purpose of protecting public safety, such as that by Officer
Henderson, not a custodial interrogation, then there would have been no need to
find an exception to the rules of Miranda.  See id.

Nonetheless, the fact that there had been a
custodial interrogation at one point does not mean that Miranda rights
continued unceasing from that moment.  The Miranda protections are
constitutionally mandated to protect an accused from the combined compulsions
inherent in law enforcement custody coupled with law enforcement
interrogation.  Miranda, 384 U.S. at 467, 86 S. Ct. at 1624; Melton
v. State, 790 S.W.2d 322, 326 (Tex. Crim. App. 1990).  Therefore, a request
for counsel must be such that it can reasonably be understood as a desire “for
the particular sort of lawyerly assistance that is the subject of Miranda”
for it to invoke the Miranda right to counsel.  McNeil, 501 U.S. at 178, 111 S. Ct. at 2209.  For example, the invocation of a defendant’s Sixth Amendment right
to counsel during a judicial proceeding is not an effective invocation of his Miranda
right to counsel because it is not in response to a custodial interrogation.  See
id.; Green v. State, 934 S.W.2d 92 (Tex. Crim. App. 1996).  Also, during
negotiations to talk an accused out of suicide, a request to speak to her
attorney was not effective for Miranda purposes.  Saldiva v. State,
980 S.W.2d 475, 490 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d).  Similarly,
an accused has been held not to invoke his Miranda right to counsel in
asking for an attorney before consent to a police search.  United States v.
Lagrone, 43 F.3d 332, 336 (7th Cir. 1994); see also United States v. Maldonado, 213 F. Supp. 2d 710, 717 (S. D. Tex. 2002).

In Lagrone, police executed an arrest
warrant for Lagrone at his grocery store.  Id. at 333.  Lagrone was Mirandized
and questioned briefly regarding weapons.  Id.  Sometime later, a
different officer asked Lagrone to consent to a search of the store.  Id.  Lagrone requested to speak to his attorney before signing the consent form.  Id.  Following unsuccessful attempts to reach his attorney, Lagrone consented to the
search.  Id.  He was subsequently taken to the police station where he
waived his Miranda rights and gave a statement to police.  Id.  At trial Lagrone claimed that the request for counsel for the search was also
an invocation of his Miranda right to counsel.  Id. at
335-36.  However, the court held the request for counsel in dealing with a
search is not a request for counsel in dealing with a custodial
interrogation as required in McNeil.  Id. at 336 (citing McNeil,
501 U.S. at 178, 111 S. Ct. at 2209).  As the Lagrone Court was careful
to note, had the questions regarding the search been intermingled with queries
regarding criminal conduct, the entire conversation would have been a custodial
interrogation.  Id. at 339 n.8.  In that situation, the request for
counsel would have been effective for both purposes, the search and the
interrogation.  Id.  The court found that the two questionings by police
were “distinct in time” and therefore distinct in analysis.  Id. at 339.

In this case, Russell’s mention of his attorney
was not in response to a question by Officer Henderson.  It came some time
after the question and answer regarding the knife and in response to a search
and his cell phone being taken away.  A request for counsel in these
circumstances cannot reasonably be seen as a request for the type of assistance
envisioned by Miranda.

Further, the Supreme Court has stated an
interrogation is “express questioning [or] any words or action on the part of
the police … that the police should know are reasonably likely to elicit an
incriminating response.”  Rhode Island v. Innis, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 1689-90, 64 L. Ed. 2d 197 (1980).  The question of whether police
words or conduct is an interrogation is viewed from the perspective of the
accused, and the intent of police is relevant only to the extent it relates to
whether the officer knew or should have known she would elicit an incriminating
response.[2]  Innis,
446 U.S. at 301, 100 S. Ct. 1689-90; United States v. Webb, 755
F.2d 382, 388 (5th Cir. 1985); Bush v. State, 697 S.W.2d 397, 403 (Tex.
Crim. App. 1985).

The Lagrone court found this instructive in
its conclusion that a request for consent to search cannot be considered a
custodial interrogation because questions regarding a search are not likely to elicit
an incriminating response.  It is for this same reason that questions normally
attendant to arrest and processing are not interrogations for Miranda
purposes.  Pennsylvania v. Muniz, 496 U.S. 582, 601, 110 S. Ct. 2638, 2650, 110 L. Ed. 2d 528 (1990) (plurality op.); Garner v. State, 779
S.W.2d 498, 501 (Tex. App.—Ft. Worth 1989, pet. ref’d).  Henderson’s action of conducting
a physical search of Russell and escorting him to the patrol car was not likely
to induce an incriminating statement; it was not likely to induce any statement
at all.  Therefore, we hold that searching Russell after a single query cannot
be considered a custodial interrogation and Russell’s mention of an attorney as
he was being placed in a patrol car cannot be understood as a request “for the
particular sort of lawyerly assistance that is the subject of Miranda.”  McNeil,
501 U.S. at 178, 111 S. Ct. at 2209.

Russell contends that, even if he was not then
under custodial interrogation, one was inevitable, and the request for counsel
was in dealing with the impending interrogation.  Some courts have held that
the window of opportunity for invoking one’s Miranda rights extends just
beyond an interrogation itself to that time when an interrogation is imminent.  United States v. Kelsey, 951 F.2d 1196 (10th Cir. 1991); Lagrone, 43
F.3d at 339; State v. Torres, 412 S.E.2d 20 (N.C. 1998).  Nonetheless,
the Supreme Court has never recognized the right of a person to invoke his Miranda
rights anticipatorily.  See McNeil, 510 U.S. 182 n.3, 111 S. Ct. 2211 n.3.  At the time of Russell’s statement, the police were still securing the
crime scene and taking statements from witnesses, and Russell was being placed
in the backseat of the patrol car, alone.  This is not a situation in which an
interrogation is imminent.  Further, we do not believe the existing case law
supports the right of an accused to invoke his Miranda rights in any
context other than a custodial interrogation.  

Having now held that Russell’s mention of his
attorney was not in dealing with a custodial interrogation, we overrule
Russell’s sole issue and affirm the judgment of the trial court.  Our opinions
and judgment dated November 14, 2006, are withdrawn, and this opinion is
substituted as the opinion of the court.  Tex.
R. App. P. 50.  The State’s Petition for Discretionary Review is
dismissed by operation of law.  Id.

 

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

          (Chief
Justice Gray concurring without a separate opinion)

Affirmed

Opinion delivered and
filed January 24, 2007

Publish

[CRPM]









    [1]       This
corrected opinion is being issued to correct an erroneous notation in the
Opinion on Petition for Discretionary Review which issued on January 17, 2007,
regarding the year of issuance.  Tex. R.
App. P. 19.3(a).





    [2]       The
State, in its brief, makes much of Officer Henderson’s status as a probationary
officer not authorized to interrogate suspects.  However, under the analysis
set out in Innis and Webb, this query into an officer’s decision
not to interrogate is irrelevant.  The situation is viewed from the perspective
of Russell who could not have known that Officer Henderson was not authorized
to interrogate him.